**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| COREY SHANE NORMAN, ) | | |
|     ID #1189019 ) | | |
|         Petitioner, ) | | |
| vs. ) | No. 3:10-CV-2640-M (BH) | |
| ) | | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|         Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On July 24, 2003, after having pled not guilty, petitioner was convicted by a jury of attempted capital murder in Cause No. 26823CR in the 40th District Court of Ellis County, and he was sentenced to life imprisonment. (Petition (Pet.) at 2). Petitioner appealed his conviction and sentence. The Tenth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion on October 27, 2004. *Norman v. State*, No. 10-03-00325-CR, 2004 WL 2406602 (Tex. App. – Waco, Oct. 27, 2004, pet. ref'd). Petitioner filed a petition for discretionary review that was refused by the Court of Criminal Appeals on April 13, 2005. He then filed a motion for rehearing that was denied by the Court of Criminal Appeals on June 29, 2005 (PD-1960-04). He did not file a petition for certiorari with the Supreme Court.

On October 3, 2006, petitioner filed his first state application for writ of habeas corpus with the trial court (Pet. at 3, Cause No. 26823CR, Writ A).[1] On January 31, 2007, the Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary hearing. *See Ex parte Norman*, WR-66,176-01 (Tex. Crim. App. Jan. 31, 2007). Petitioner filed a second state writ on February 18, 2010, with the trial court (Pet. at 4, Cause No. 26823CR, Writ B).[2] This second writ was dismissed as an abuse of the writ by the Court of Criminal Appeals on March 17, 2010. *See Ex parte Norman*, WR-66,176-02 (Tex. Crim. App. March 17, 2010). Petitioner mailed his federal petition on December 8, 2010. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

---

[1] Petitioner claims that he filed his first state writ on October 25, 2006, but the Ellis County District Clerk's office's records show that it was filed on October 3, 2006.

[2] Petitioner claims that he filed his second state writ on February 11, 2010, but the Ellis County District Clerk's office's records show that it was filed on February 18, 2010.

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his request for rehearing of his PDR was denied by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals denied the motion for rehearing. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3 ("[I]f a petition for rehearing is timely filed in the lower court by any party...the time to file the petition for writ of certiorari for all parties...runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment."). Petitioner's motion for rehearing was refused on June 29, 2005, so his state conviction became final ninety days later, on September 27, 2005.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), petitioner claims that he is actually innocent and cites to

3

the record from his trial in support of his claim. (Pet. at 7; Memorandum at 3,6). Accordingly, the facts supporting his claims became known or could have become known prior to the date his state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final on September 27, 2005, a literal application of § 2244(d)(1) renders his December 8, 2010, filing[3] untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ until October 3, 2006, more than one year after his state conviction became final on September 27, 2005. While the one-year limitations period is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period expired before petitioner filed his first state writ. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). Furthermore, even if petitioner's first state writ did properly toll the one-year limitations period, the Court of Criminal Appeals denied petitioner's first state writ on January 31, 2007, and petitioner waited over three years before filing a second state writ and almost four years before filing his federal petition. The AEDPA clock expired well before either petitioner's second state writ or his federal petition were filed. The statutory tolling provision does not save his federal petition.

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, petitioner presents no argument or evidence that he was prevented from filing his state writs or his federal petition earlier. Petitioner does assert that he is actually innocent, but a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent," *Felder v. Johnson*, 204 F.3d at 171 & n.8. The Supreme

5

Court has held that to show actual innocence that would entitle a petitioner to have a federal court consider a procedurally defaulted claim, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not made this showing. He cites to the record of the trial as evidence that he is actually innocent of kidnaping, but the state court on direct appeal ruled that the evidence was sufficient to support his conviction. *Norman v. State*, slip op. at *1. He has presented no new evidence of his alleged actual innocence and therefore failed to meet his burden to show entitlement to any equitable tolling of the federal statute of limitations. His federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 21st day of January, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE